UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BUSINESS COMPUTER TRAINING INSTITUTE, INC.; THOMAS JONEZ and FAYE JONEZ; MORRIE PIGOTT and LINDA PIGOTT<br><br>Defendants. | Case No. C05-5706  RBL<br><br>ORDER DENYING APPLICANTS' MOTION TO INTERVENE |

## I. INTRODUCTION AND CONCLUSION

This matter comes before the Court on a motion to intervene by non-parties Kari L. Westfall, Shaun Marolf, Jay Poe, Tony Nguyen and Janet Newton (the "Applicants"). (Dkt. No. 16). Having reviewed the parties' submissions and determining that oral argument is not necessary for the disposition of this motion, the Court hereby DENIES Applicants' motion. The reasons for the Court's order are set forth below.

## II. BACKGROUND

On June 29, 2005, Business Computer Training Institute, Inc. ("BCTI") was named as a defendant in an Oregon class action. In that class action, plaintiff students alleged BCTI breached its contract by failing to provide promised graduation placement services.

On October 26, 2005, Plaintiff Philadelphia Indemnity Insurance Company filed this declaratory judgment against BCTI, seeking a declaration that its insurance policy does not cover BCTI's alleged breach of contract in the Oregon class action.

Applicants apparently have claims similar to the Oregon plaintiffs and, on May 10, 2005, filed in Pierce County Superior Court a complaint against BCTI asserting claims arising from BCTI's "alleged actions and omission." Pierce County Superior Court Judge Thomas P. Larkin entered a $300,000 Writ of Attachment in the Applicants' favor. Judge Larkin then certified three separate classes based on each student's enrollment period. According to Applicants, BCTI claims it has insufficient assets to satisfy a judgment or pay for their defense.

Applicants' counsel attempted unsuccessfully to obtain details about the pending declaratory judgment action between Philadelphia and BCTI. As a result, on September 8, 2006, Applicants filed this motion to intervene.

## III. DISCUSSION

A. <u>Intervention as of Right</u>

To intervene as a matter of right under Fed. R. Civ. P. 24(a), four requirements must be met: (1) the motion must be timely; (2) the applicant must claim a significantly protectable legal interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action. *Sierra Club v.*

*United States EPA,* 995 F.2d 1478, 1481 (9th Cir. 1993) (citations omitted). Although the party seeking to intervene bears the burden of establishing all four elements, the Ninth Circuit construes these factors liberally in favor of the applicant, and review is guided by practical and equitable considerations, rather than technical distinctions. *See United States v. Alisal Water Corp.,* 370 F.3d 915, 919 (9th Cir. 2004); *Southwest Center for Biological Diversity v. Berg,* 268 F.3d 810, 818 (9th Cir. 2001); *Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir. 1998).

1. <u>Significant Protectable Interest</u>

Applicants argue intervention as of right is appropriate because not only do they have an interest in maximizing available insurance, but also they have an interest in BCTI's assets as a result of the $300,000 Writ of Attachment order. (Dkt. No. 16 at 7). Philadelphia responds Applicants lack a significant protectable interest because they only have a contingent economic interest in the underlying coverage limitation dispute. (Dkt. No. 19 at 6).

In the Ninth Circuit, "[t]he requirement of a significantly protectable interest is generally satisfied when 'the interest is protectable under some law, and…there is a relationship between the legally protected interest and the claims at issue.'" *Arakaki v. Cayetano,* 324 F.3d 1078, 1084 (9th Cir. 2003) (citations omitted). The Ninth Circuit has made clear, however, that pure economic expectancy is not a legally protected interest for purposes of intervention.[1]

---

[1] *See, e.g., Alisal Water,* 370 F.2d at 920 (prospective collectabiity of debt insufficient interest that does not give rise to a right of intervention); *So. Cal. Edison Co. v. Lynch,* 307 F.3d 794, 803 (9th Cir. 2002) (applicants' "contingent, unsecured claim against a third-party debtor" fell short of the 'direct, non-contingent, substantial and legally protectable' interest required for intervention as a matter of right.") (citations omitted); *Greene v. United States,* 996 F.2d 973 976 (9th Cir. 1993) ("movant must demonstrate a 'significantly protectable interest.' An economic stake in the outcome of the litigation, even if significant, is not enough.") (citations omitted); *see also HealthSouth Corp. Ins. Litig.,* 219 F.R.D. 688, 692 (N.D. Ala. 2004) ("Here, Movants' interest in securing a pool of insurance money to draw upon is not only purely economic, but also theoretical, considering no judgments have been obtained against the insureds.").

ORDER
Page - 3

Here, Applicants fail to allege any interest in the underlying coverage limitation dispute between Philadelphia and BCTI other than pure economic expectancy. It is true that, in a separate state action, Applicants attained a $300,000 Writ of Attachment against BCTI. (Dkt. No. 16 at 7). It is also true that Judge Larkin stated "it [is] likely that the plaintiffs in this case will prevail on some, if not all, of their claims." *Id.* A Writ of Attachment, however, is not a judgment. Accordingly, Applicants' economic interest in the underlying coverage limitation dispute is speculative because it hinges upon obtaining a state court judgment against BCTI. *See Alisal Water Corp.,* 370 F.3d at 919-20 (a "non-speculative, economic interest may be sufficient to support a right of intervention" but economic interest must be "concrete and related to the underlying subject matter of the action") (citations omitted).

In a similar case, *Hawaii-Pacific Venture Capital Corp. v. H.B. Rothbard,* 564 F.2d 1343, 1346 (9th Cir. 1977), the Ninth Circuit held that the impaired ability to collect judgments that may arise from future claims does not gives rise to a right of intervention. Indeed, "[t]o hold otherwise would create an open invitation for virtually any creditor of a defendant to intervene in a lawsuit where damages might be awarded." *See Alisal Water Corp.,* 370 F.3d at 919. *Hawaii-Pacific's* reasoning is applicable here because Applicants' sole interest in the present case is in the prospective collectability of a judgment. *See Glyn v. Roy Al Boat Mgmt. Corp.,* 897 F. Supp. 451, 453 (D. Haw. 1995) ("Were this court to agree that [a lienholder] could intervene … it would transform every civil suit before this court into a kind of exaggerated interpleader action where all potential creditors of all parties could assert their rights.").

Because Applicants' interest in the present case is not only purely economic, but also theoretical, Applicants lack a significantly protectable interest. And because Applicants lack a significantly protectable legal interest, it is unnecessary to consider the remaining prongs of Rule 24(a)(2). *See Portland Audubon Soc'y v. Hodel,* 866 F.2d 302 (9th Cir. 1989), *cert denied,* 492 U.S. 911 (1989) (citations omitted).

B. <u>Permissive Intervention</u>

  Applicants alternatively argue permissive intervention is appropriate because, *inter alia,* they are in the best position to explain the underlying lawsuit. (Dkt. No. 16 at 11). Philadelphia responds that the separate certified classes in the state court action reinforces the lack of commonality between Applicants and the underlying lawsuit. (Dkt. No. 19 at 10).

  Permissive intervention under Fed. R. Civ. P. 24(b) may be granted where the applicant demonstrates (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) a common question of law or fact exists between the applicants' claim or defense and the main action. *League of United Latin American Citizens v. Wilson,* 131 F.3d 1297, 1308 (9th Cir. 1997). To intervene under Rule 24(b)(2), the applicant need not have any direct or pecuniary interest in the subject of the litigation. *Kootenai Tribe of Idaho v. Veneman,* 313 F.3d 1094, 1108 (9th Cir. 2002). Even if Rule 24(b)(2)'s requirements are satisfied, however, the court has discretion to deny intervention, considering such factors as whether the intervention would unduly delay the action or unfairly prejudice existing parties. *Donnelly,* 159 F.3d at 412. In addition, the court should consider whether the applicants' interest is adequately represented by the existing parties. *State of California v. Tahoe Regional Planning Agency,* 792 F.2d 775, 779 (9th Cir. 1986).

  No common questions of law or fact exist between Applicants' state class action suit against BCTI and the declaratory judgment action between Philadelphia and BCTI. The facts and law at issue in the present action involve whether Philadelphia must cover BCTI for the separate claims brought by the Oregon class action plaintiffs. Thus, while the underlying action takes root in BCTI's "alleged actions and omission," the declaratory judgment action depends on interpreting the coverage limitations contained in BCTI's insurance policy; the instant case has nothing to do with whether and how Applicants were affected by BCTI's "alleged actions and omission." Because Applicants lack a common question of law or

fact between their state court class action and the underlying coverage limitation dispute, permissive intervention is inappropriate.

## IV. CONCLUSION AND ORDER

For the reasons discussed above, the Court DENIES Applicants' Motion to Intervene. (Dkt. No. 16).

DATED this 10th day of October, 2006.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE