UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BUSINESS COMPUTER TRAINING INSTITUTE, INC., et al.,<br><br>Defendants.<br>_____<br>ATLANTIC MUTUAL INSURANCE COMPANY, a New York Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BUSINESS COMPUTER TRAINING INSTITUTE, INC., et al.,<br><br>Defendants. | CASE NO. C05-5706BHS<br><br>ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br><br><br><br>CASE NO. C08-5343BHS |

This matter comes before the Court on Defendants' Motion for Partial Summary Judgment (Dkt. 50). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

ORDER - 1

# I. FACTUAL AND PROCEDURAL BACKGROUND

On October 28, 2005, Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity") filed a complaint against Defendant Business Computer Training Institute, Inc., Business Computer Training Institute Community Services, Morrie and Linda Joe Pigott, and Tom and Faye Jonez. Dkt. 1. Philadelphia Indemnity seeks a declaratory judgment on an insurance contract between it and Defendants. *Id*.

Defendants claim that Plaintiff hired Thomas R. Merrick and Merrick Hofstedt & Lindsey PS ("Merrick") to represent its insureds in six separate lawsuits. Dkt. 51, Declaration of John T. Dalton ("Dalton Dec."), ¶ 3. Those six ongoing lawsuits are as follows:

> *Anita Wright, et al. v. Business Computer Training Institute, Inc, et al.*, Superior Court of Washington in and for Pierce County, cause number 05-02-05763-2.
>
> *Amanda m. Hawley, et al. v. Business Computer Training Institute, et al.*, United States District Court, Western District of Washington at Tacoma, cause number 3:08-cv-05055 BHS, assigned to Judge Benjamin H. Settle.
>
> *Pennylane Thornburg, et al. v. Business Computer Training Institute, Inc., et al.*, Circuit Court ofthe State of Oregon for the County of Multnomah, cause number 0703-02989.
>
> *Robert Adana, et al. v. Business Computer Training Institute, Inc., et al.*, Superior Court of Washington in and for Pierce County, cause number 08-2-12356-7.
>
> *Eula A. Gordon, et al. v. Business Computer Training Institute, Inc., et al.*, Circuit Court of the State of Oregon for the County of Multnomah, cause number not yet assigned.
>
> *Michael J. Adelman, et al. v. Business Computer Training Institute, Inc., et al.*, Circuit Court of the State of Oregon for the County of Multnomah, cause number not yet assigned.

*Id.* Plaintiff concedes that it defended Defendants in all of these lawsuits except for the last one listed, the *Adelman* case. Dkt. 53 at 2-3.

Defendants claim that Plaintiff is delinquent on over $80,000 in attorneys' fees to Merrick and thousands of dollars in costs related to these lawsuits. Dkt. 50 at 2-3. On November 20, 2008, Defendants filed a motion for partial summary judgment arguing

that Plaintiff breached its duty to defend by failing to pay fees related to the defense of these lawsuits. Dkt. 50 at 2-4. On December 15, 2008, Plaintiff responded. Dkt. 53. On December 19, 2008, Defendants replied. *See* Dkt. 41 in consolidated cause No. C08-5343BHS.

## II. DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The

nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Defendants' Motion**

Defendants argue that Plaintiff has breached its duty to defend "by not promptly paying attorneys' fees and defense disbursements." Dkt. 50 at 5. Defendants offer scant legal authority for the proposition that failure to promptly pay legal expenses constitutes either a breach of the duty to defend or bad faith on behalf of the insurer.

First, Defendants argue that the Washington Administrative Code ("WAC") states that a failure to promptly pay these legal fees is an unfair and deceptive act. Dkt. 50 at 5-6. Relevant portions of the WAC read as follows:

> The following are hereby defined as unfair methods of competition and unfair or deceptive acts or practices in the business of insurance, specifically applicable to the settlement of claims:
> ***
> (2) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.
> ***
> (16) Failure to adopt and implement reasonable standards for the processing and payment of claims once the obligation to pay has been established.

WAC 284.30.300. Defendants argue that "Philadelphia has failed to act reasonably in response to communications regarding attorneys' fees and defense costs that Philadelphia is obligated to pay pursuant to its duty to defend." Dkt. 50 at 6. Plaintiff claims that it has "incurred approximately $885,000 in defense costs on behalf" of Defendants and that it "has defended and continues to defend" Defendants in the relevant lawsuits. Dkt. 50 at 2-4. Even if the WAC contemplates prompt payment of fees related to the duty to defend, Defendants have failed to show that, based on these facts, Plaintiff has acted unreasonably as a matter of law.

ORDER - 4

Next, Defendants urge the Court to adopt the reasoning of the Texas Supreme Court in *Lamar Homes Inc. v. Mid-Continent Casualty Co.*, 242 S.W.3rd 1, 16-17 (Tex. 2007). The *Lamar* court, however, relied on the Texas "prompt-payment-statute" when it considered the question of the timely payment of defense fees. Defendants fail to cite a similar Washington statute. Defendants' argument, therefore, is unpersuasive.

Last, Defendants argue that, in Washington, the duty of good faith requires an insurer to promptly pay legal fees related to the duty to defend. The Washington Supreme Court has "consistently recognized that the duty of good faith is broad and all-encompassing, and is not limited to an insurer's duty to pay, settle, or defend." *St. Paul Fire and Marine Ins. Co. v. Onvia, Inc.*, 196 P.3d 664, 669 (Wash. 2008). "[A]n insurer must deal fairly with an insured, giving equal consideration in all matters to the insured's interests." *Id.* (quoting *Tank v. State Farm Fire & Cas. Co.*, 105 Wn.2d 381 at 386 (1986)). Defendants argue that Plaintiff's "bad faith practice in delaying payment of first-party claims harms the BCTI Defendants by threatening an adequate defense and constitutes a breach of the duty to defend and bad faith." Dkt. 41 at 5. Even if the duty of good faith encompasses a duty to promptly pay, Defendants have failed to show that Plaintiff's actions establish a finding of bad faith.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion for Partial Summary Judgment (Dkt. 50) is **DENIED without prejudice**.

DATED this 14th day of January, 2009.

BENJAMIN H. SETTLE
United States District Judge